UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES T. HALPERN and HOLLY STEIN, as Trustee for the Halpern Insurance Trust dated June 7, 1994, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:17 CV 2879 (JMB) |
| PHOENIX LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiffs' complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiffs have filed a response in opposition in which they request leave to amend their complaint to amend any deficiencies.[1] The Court will deny defendant's motion to dismiss, grant plaintiffs leave to amend the complaint, and set this matter for a Rule 16 Scheduling Conference.

**I.  Background**

In 1994, plaintiff James T. Halpern purchased from defendant Phoenix Life Insurance Company a policy of whole life insurance with a face value of $850,000.00. On October 27, 2016, defendant mailed plaintiffs a notice that the policy had lapsed for failure to pay the premium. Plaintiffs allege that they did not receive timely notice of the amount of premium they owed. Plaintiffs further allege that they repeatedly informed defendant of their new mailing address but that defendant failed to update its records. When they received the Notice of Lapse,

---

[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

plaintiffs immediately contacted defendant and were advised to pay the premium and apply for reinstatement. Plaintiffs mailed defendant $10,785.02 and an application for reinstatement. Defendant returned the premium payment and rejected the reinstatement application based on Mr. Halpern's medical history.

Plaintiffs filed suit in state court, asserting claims for declaratory judgment and breach of contract. Defendant timely removed the matter to this Court, invoking diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332.

**II.     Discussion**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Wilson v. Arkansas Dep't of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017). In their response to defendant's motion to dismiss, plaintiffs identify a number of additional material facts which they assert preclude dismissal. "However, it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted).

Defendant argues that plaintiffs' contract claim as presented in their original complaint must be dismissed because plaintiffs fail to identify any specific contractual obligation that it breached.[2] The parties have not provided a copy of the 1994 policy[3] and, as a result, the Court

---

[2] Defendant also asserts that any claims arising from a purported "vanishing premiums" provision of the contract have been extinguished by virtue of a class action settlement entered in Michels, et al., v. Phoenix Home Life Mutual Ins. Co., No. 95/5318, 1997 WL 1161145 ((N.Y. Sup. Ct. Jan. 7, 1997).

2

cannot evaluate defendant's argument. Defendant filed what it calls a "sample policy," but there is nothing in the record from which the Court can conclude that this sample policy is substantively identical to the policy issued to plaintiffs in 1994.

Defendant argues that plaintiffs' declaratory judgment claim must be dismissed as duplicative of the contract claim. "Where a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed." MidCountry Bank v. Rajchenbach, No. 15-CV-3683 (SRN/TNL), 2016 WL 3064066, at *3 (D. Minn. May 31, 2016) (citing MASTR Asset Backed Sec. Trust 2006–HE3 *ex rel*. U.S. Bank Nat. Ass'n v. WMC Mortgage, LLC, 983 F. Supp. 2d 1104, 1116 (D. Minn. 2013)). "However, the mere fact that claims for declaratory judgment and breach of contract are closely related—even where the declaratory judgment claim 'encompasses' the breach of contract claim—does not require dismissing the declaratory judgment claim." Id. (citing Marty H. Segelbaum, Inc. v. MW Capital, LLC, 673 F. Supp. 2d 875, 882 (D. Minn. 2009) ("While plaintiff's claim for a declaratory judgment encompasses its breach of contract claim, the declaratory judgment's scope is broader; were the Court to issue one, it might well delineate all three parties' rights and obligations, as well as resolve plaintiff's breach of contract claim. This goes well beyond any pure contract remedy.")). Because plaintiffs will be allowed to amend their complaint, the Court declines to address defendant's argument at this time.

Plaintiffs have requested leave to file an amended complaint, which the Court will grant. See Rule 15(a)(2), Fed. R. Civ. P. (leave to amend pleadings should be "freely give[n] . . . when

---

Because plaintiffs will be given leave to amend their complaint, it is not necessary to address this argument at this time.

[3] Plaintiffs allege that defendant has refused their repeated requests for a copy.

justice so requires."). The Court will set this matter for a Rule 16 Scheduling Conference, at which time deadlines for filing an amended complaint and answer will be established.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. # 9] is **denied**.


/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of February, 2018.