UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOLLY STEIN, as Trustee for the Halpern Insurance Trust dated June 7, 1994, <br><br> Plaintiff, <br><br> vs. <br><br> PHOENIX LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 4:17 CV 2879 (JMB) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's partial motion to dismiss the amended complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff[1] filed a response and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### I.  Background

In 1994, defendant Phoenix Life Insurance Company issued a policy of whole life insurance insuring the life of James T. Halpern. The policy, which has a face value of $850,000, named the Halpern Insurance Trust as the sole owner and beneficiary. Plaintiff Holly Stein is the current trustee. Over the years, defendant mailed plaintiff statements for the amount of premium owed, which plaintiff paid. On July 16, 2016, plaintiff notified defendant that she had moved and asked that all correspondence and billing statements be sent to her new address.

---

[1] The amended complaint was filed by James T. Halpern, individually, as well as Holly Stein as trustee for the Halpern Insurance Trust. After defendant argued that he lacked standing to sue, plaintiff Halpern voluntarily dismissed his claims. For the purposes of this memorandum, the Court will use the singular "plaintiff."

Defendant failed to update its records, however, and plaintiff did not receive any correspondence from defendant until November 3, 2016, when she received a notice that the policy had lapsed for failure to pay the premium. Plaintiff immediately contacted defendant and asked for the policy to be reinstated. She was advised to pay the outstanding premium and apply for reinstatement. Plaintiff mailed defendant $10,785.02 and an application for reinstatement. Defendant rejected the reinstatement application based on Mr. Halpern's medical history.

Plaintiff filed suit, asserting claims for declaratory judgment and breach of contract. Defendant moves to dismiss the declaratory judgment claim, arguing that it is wholly duplicative of the contract claim.

**II.   Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8h Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Rather, the complaint must set forth "enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. Iqbal, 556 U.S. at 678-79 ("While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.") Finally, courts review the plausibility of a plaintiff's claim "as a whole, not the plausibility of each individual allegation," considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (citation omitted).

**III.    Discussion**

Declaratory relief is discretionary "and an important factor in exercising that discretion is whether the declaratory judgment plaintiff has another, more appropriate remedy." MidCountry Bank v. Rajchenbach, No. 15-CV-3683 (SRN/TNL), 2016 WL 3064066, at *3 (D. Minn. May 31, 2016) (quoting Gulf Underwriters Ins. Co. v. Burris, 674 F.3d 999, 1004 (8th Cir. 2012)). Where a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed. Id. (citing MASTR Asset Backed Sec. Trust 2006–HE3 ex rel. U.S. Bank Nat. Ass'n v. WMC Mortgage, LLC, 983 F. Supp. 2d 1104, 1116 (D. Minn. 2013). "However, the mere fact that claims for declaratory judgment and breach of contract are closely related—even where the declaratory judgment claim 'encompasses' the breach of contract claim—does not require dismissing the declaratory judgment claim." Id. (citing Marty H. Segelbaum, Inc. v. MW Capital, LLC, 673 F. Supp. 2d 875, 882 (D. Minn. 2009) ("While plaintiff's claim for a declaratory judgment encompasses its

3

breach of contract claim, the declaratory judgment's scope is broader; were the Court to issue one, it might well delineate all three parties' rights and obligations, as well as resolve plaintiff's breach of contract claim. This goes well beyond any pure contract remedy."). In this case, plaintiff's declaratory judgment claim seeks a declaration that the policy is still in effect, relief that may not be available under her breach of contract claim. Because the declaratory judgment claim is broader in scope than the contract claim, the Court will deny defendant's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss [Doc. # 29] is **denied**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of July, 2018.