UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOLLY STEIN, as Trustee for the Halpern Insurance Trust dated June 7, 1994,<br><br>Plaintiff,<br><br>vs.<br><br>PHOENIX LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:17 CV 2879 (JMB) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike defendant's affirmative defenses pursuant to Fed.R.Civ.P. 12(f). Defendant has filed a response in opposition and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### **I.     Background**

In 1994, defendant Phoenix Life Insurance Company issued a policy of whole life insurance insuring the life of James T. Halpern. On November 3, 2016, defendant notified plaintiff that the policy lapsed for failure to pay the premium. Plaintiff alleges that defendant improperly terminated the policy and brings claims for declaratory judgment and breach of contract. On July 25, 2018, defendant filed its answer to plaintiff's amended complaint and asserted seventeen affirmative defenses. Plaintiff moves to strike all seventeen affirmative defenses, arguing that they are inadequately pleaded under the heightened pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts have liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). However, striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." Shirrell v. St. Francis Med. Ctr., No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (citation omitted). "A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (internal quotation and citation omitted). The party filing a motion to strike must show that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "[W]here a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice." In re RFC & ResCap Liquidating Trust Litig., No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).

## III. Discussion

Plaintiff argues that the Court should evaluate defendant's affirmative defenses under the pleading requirements established in Iqbal and Twombly, which require a complaint to contain sufficient facts to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The Eighth Circuit has not addressed this issue and there is a split

among the district courts, both within and outside the Eighth Circuit, regarding whether the Twombly/Iqbal plausibility standard applies to affirmative defenses. Compare Swinter Grp., Inc. v. Nationwide Truckers' Ins. Agency, No. 4:17-CV-2310-SPM, 2018 WL 306024, at *4-5 (E.D. Mo. Jan. 5, 2018) (holding that Twombly/Iqbal standard does not apply to affirmative defenses); Summers Mfg. Co., Inc. v. Tri-Cty. AG, LLC, 300 F. Supp. 3d 1025, 1044-45 (S.D. Iowa 2017) (determining that notice pleading standard, rather than plausibility standard, applies to affirmative defenses), and Cope v. Let's Eat Out, Inc., No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *1 (W.D. Mo. Apr. 18, 2017) (reviewing cases and holding that pleadings standards of Twomly and Iqbal apply to affirmative defenses); Amerisure Ins. Co. v. Thomas, No. 4:11CV642 JCH, 2011 WL 3021205, at *2 (E.D. Mo. July 21, 2011) (same).

The Court is persuaded that the heightened pleading standard does not apply to affirmative defenses. First, as several courts have discussed, Rule 8 sets forth different standards for pleading claims and affirmative defenses: Rule 8(a)(2) requires that a "claim for relief" contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] By contrast, responsive pleadings are governed by Rule 8(b), which requires the pleader to "state in short and plain terms" its defenses, and Rule 8(c), which requires parties to "affirmatively state any avoidance or affirmative defense." "These linguistic differences indicate that different requirements apply to the various assertions parties make in their pleadings." Fed. Trade Comm'n v. BF Labs Inc., No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015). In addition, courts have noted that the parties are "in much different positions" when drafting their pleadings. Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010). "[I]t is unfair to impose a plausibility pleading standard on a defendant who has a mere 21 days to answer, unlike a plaintiff who may have had months or years to investigate

---

[1] It is this provision that the Supreme Court interpreted in Iqbal and Twombly.

3

a claim before pleading." Dahhane v. Stanton, No. CIV. 15-1229 MJD/JJK, 2015 WL 5009642, at *3 (D. Minn. Aug. 24, 2015). Finally, the Eighth Circuit has held that an affirmative defense is sufficiently raised "by its bare assertion." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997) (internal citations and quotations omitted). "Although Zotos predates Twombly and Iqbal, the Court remains bound by Zotos because neither the Supreme Court nor the Eighth Circuit has extended the heightened pleading requirements to affirmative defenses." Fed. Trade Comm'n v. BF Labs Inc., No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015).

The Court determines that defendant's affirmative defenses should be evaluated under the notice pleading standard, rather than the heightened pleading standard on which plaintiff's motion is based. The Court will deny the present motion, without prejudice to plaintiff filing a renewed motion based on the proper standard.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike affirmative defenses [Doc. # 40] is **denied without prejudice**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2018.